UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BERG and
MARK PREISLER,

    Plaintiffs,

Case No. 16-13878

v.

Hon. John Corbett O'Meara

RITE AID SERVICES, LLC,

    Defendant.
_____/

# OPINION AND ORDER GRANTING
# DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant Rite Aid Services, LLC's motion to dismiss the complaint, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiffs Paula Berg and Mark Preisler allege that they were wrongfully discharged from their employment with Defendant Rite Aid Services, LLC, in violation of Michigan public policy. Berg was a Safety/Training Manager at Defendant's distribution center in Waterford, Michigan, and Preisler was a Human Resources Manager. The non-management employees at the distribution center were subject to a collective bargaining agreement ("CBA"). According to

Plaintiffs, the CBA provided that employees who tested positive for drugs or alcohol were to be placed on a "last-chance" agreement. When two union employees tested positive for drugs or alcohol after a workplace accident, Plaintiffs disciplined them in accordance with the CBA, giving both a "final warning." Subsequently, Plaintiffs were terminated for failing to immediately fire those employees consistent with Defendant's zero tolerance drug free workplace policy. Plaintiffs contend that Defendant's zero tolerance policy conflicted with the CBA and that they were terminated for refusing to violate the CBA and Sections 8(a)(5) and (1) of the National Labor Relations Act.

## LAW AND ANALYSIS

Defendant seeks dismissal of Plaintiffs' claims, arguing that they are preempted by Section 301 of the Labor Management Act, 29 U.S.C. § 185, and the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* Plaintiffs' complaint sets forth a single count of wrongful discharge in violation of public policy. As the Michigan Supreme Court has explained:

> [a]n at-will employee's discharge violates public policy if any one of the following occurs: (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty; (2) the employee is discharged for the failure or refusal to violate the law in the course of employment; or (3) the employee is discharged for exercising a right conferred

-2-

> by a well-established legislative enactment.

McNeil v. Charlevoix Cty., 484 Mich. 69, 79 (2009).  Plaintiffs' claim falls under the second category.  Plaintiffs contend that they were terminated for refusing to violate the CBA, an action they argue "clearly violates Sections 8(a)(5) and (1) of the National Labor Relations Act, as Defendants were directing Plaintiffs to violate the terms of the CBA that provided for progressive disciplinary procedures . . . [and enforce] a policy that had not been bargained for by Defendant and the Union." Pls.' Br. at 10.  According to Plaintiffs, enforcement of the zero tolerance policy amounts to a refusal to bargain, which is an unfair labor practice.  Id.  Plaintiffs claim that they were terminated for refusing to commit an unfair labor practice in violation of the NLRA.

Although the NLRA does not contain an express preemption provision, the Supreme Court has held that §§ 7 and 8 claims fall under the jurisdiction of the National Labor Relations Board.  San Diego Building Trades Council v. Garmon, 359 U.S. 236, 244 (1959).  "When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that . . . jurisdiction must yield [to the National Labor Relations Board]." Garmon, 359 U.S. at 244.  Plaintiffs' claim – that they

were terminated for refusing to discipline employees in violation of the CBA and the NLRA – is subject to § 8 of the NLRA. Although supervisors are generally not protected under the NLRA, "a supervisor *does* have a viable claim under the NLRA when terminated or otherwise disciplined for *refusing to commit* unfair labor practices." Lewis v. Whirlpool Corp., 630 F.3d 484, 488 (6th Cir. 2011) (emphasis in original).

In Lewis, the plaintiff alleged that he was terminated for refusing to commit an unfair labor practice. His complaint stated a cause of action for wrongful termination in violation of public policy. The Sixth Circuit held that the wrongful termination claim was preempted by the NLRA. The court noted that the wrongful termination claim was identical to a claim the plaintiff could bring before the NLRB – that he was terminated for refusing to commit an unfair labor practice. If a state cause of action is "identical" to a claim that could have been made to the Board, "the Board has exclusive jurisdiction" and "our analysis need go no further, as preemption is required." Lewis, 630 F.3d at 489.

Plaintiffs' wrongful termination claim is identical to one they could have brought before the NLRB. "The sole and dispositive inquiry for both claims is whether [Plaintiffs were] terminated for the failure to commit unfair labor practices, as defined by the NLRA." Id. Plaintiffs' wrongful termination claim is

based on the allegation that Plaintiffs were discharged for refusing to commit an unfair labor practice. Because it is identical to a claim that could have been brought before the NLRB, Plaintiffs' wrongful termination claim is preempted and this court lacks subject matter jurisdiction over Plaintiffs' complaint. Id. at 489-90.

## ORDER

Therefore, IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiffs' complaint is GRANTED, consistent with this opinion and order.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: May 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 12, 2017, using the ECF system.

                                      s/William Barkholz
                                      Case Manager